# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM DEFOOR *in the right of and for the benefit of Cool Creek Solutions, LLC, a Kansas limited liability company*, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 15-2233-RDR |
| DAVID L. EVANS and COOL CREEK, LLC, | ) ) ) |
| Defendants and Third-Party Plaintiff, | ) ) ) |
| v. | ) ) |
| COOL CREEK SOLUTIONS, LLC, | ) ) |
| Third-Party Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the court upon Plaintiff William DeFoor's Motion to Intervene in Third-Party Complaint (ECF No. 8). Defendant and Third-Party Plaintiff David L. Evans has brought affirmative claims for relief against Third-Party Defendant Cool Creek Solutions, LLC, of which he and Mr. DeFoor each own 50 percent. Mr. Evans opposes Mr. DeFoor's motion largely on the grounds that Mr. DeFoor cannot adequately represent Cool Creek Solution's interests. Mr. Evans separately raises issues with Mr. DeFoor's complaint. These arguments largely ignore the standard for intervention. Cool Creek Solutions' operating agreement requires unanimous agreement of its two members to make any decisions regarding its defense of the claims being asserted against it by Mr. Evans. Although Mr. Evans has filed a state court dissolution action and plans to seek appointment of a receiver or trustee to represent Cool Creek

Solutions' interests, this has not yet occurred. Should Mr. Evans' claims against Cool Creek Solutions proceed to judgment, Mr. DeFoor is so situated that he would be incapable of protecting his proportionate share of Cool Creek Solutions' assets from any such execution of judgment. This entitles him to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a). For this reason, explained in more detail below, Mr. DeFoor's motion to intervene is granted insofar as the court will permit him to intervene in the third-party claims in his capacity as a 50-percent owner of Cool Creek Solutions.

### I.      Background

Mr. DeFoor, as a 50-percent owner of Cool Creek Solutions, brings this suit pursuant to the derivative-action provision of the Kansas Limited Liability Company Act, K.S.A. 17-76,130, on behalf of Cool Creek Solutions against Mr. Evans (the other 50-percent owner) and against Cool Creek, LLC (a company created and controlled by Mr. Evans). Mr. DeFoor's complaint asserts claims for violations of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, specifically false designation of origin in violation of 15 U.S.C. § 1125(a) and dilution in violation of 15 U.S.C. § 1125(c).[1] He also asserts Kansas common law claims of trademark infringement, conversion, and a claim of breach of fiduciary duty against Mr. Evans.[2]

Mr. Evans subsequently asserted third-party claims of indemnity and breach of contract against Cool Creek Solutions.[3] He alleges Cool Creek Solutions is required to indemnify him against the claims Mr. DeFoor asserts against him. Mr. Evans' breach-of-contract claims allege that Cool Creek Solutions has failed to tender funds owed to Mr. Evans. Cool Creek Solutions has yet to enter an appearance or respond to the claims Mr. Evans asserts against it. According to

---

[1] *See generally* Compl., ECF No. 1.

[2] *See id.*

[3] *See* Answer and Third-Party Claim at 9-12, ECF No. 6.

Cool Creek Solutions' operating agreement, Mr. DeFoor and Mr. Evans must unanimously agree in order for Cool Creek Solutions to make any decisions regarding the defense of the claims Mr. Evans asserts against it. As the parties were briefing this motion, Mr. Evans filed a state court petition for judicial dissolution of Cool Creek Solutions.[4] He subsequently moved for state court appointment of a receiver for Cool Creek Solutions.[5] As of this time, there is no indication the state court has ruled on Mr. Evans' motion.

## II.  Discussion

Fed. R. Civ. P. 24 governs intervention. Here, Mr. DeFoor's motion recites the language included in Rule 24(a),[6] which applies to intervention of right, as opposed to permissive intervention. Rule 24(a) provides that the court must allow intervention if the movant, on a timely motion, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[7] Even if the court determines intervention of right is inappropriate, the court may still permit permissive intervention if the movant "has a claim or defense that shares with the main action a common question of law or fact."[8]

### A.  Timeliness

In evaluating timeliness, the court considers: (1) the length of time the movant knew of its interest in the case; (2) prejudice to the existing parties; (3) prejudice to the movant; and (4)

---

[4] *See* Notice of Pending State Court Dissolution Action, ECF No. 14.

[5] *See* Notice of Request for Receiver in Pending State Court Action, ECF No. 16.

[6] *See* Pl.'s Mot. to Intervene in Third-Party Compl. at 5-6, ECF No. 8.

[7] Fed. R. Civ. P. 24(a)(2).

[8] Fed. R. Civ. P. 24(b)(1)(B).

3

existence of unusual circumstances.[9] Here, Mr. DeFoor would have known about his potential interest when Mr. Evans asserted claims against Cool Creek Solutions on February 27, 2015. Subsequently, Mr. DeFoor attempted to hold a meeting of the members of the LLC—he and Mr. Evans. Mr. DeFoor's proposed topics included discussing legal representation of Cool Creek Solutions in this action. Mr. Evans did not attend the meeting because of the ongoing litigation. Ultimately, after being unable to come to an agreement with Mr. Evans about representation for Cool Creek Solutions, Mr. DeFoor filed the present motion to intervene on March 13, 2015. Given that this case is in its early stages, with no discovery having taken place, and given that Mr. DeFoor moved to intervene just weeks after he knew he had a potential interest in the claims asserted by Mr. Evans, the court finds his motion is timely.

### B. Potential of an Impaired Interest

The Tenth Circuit has adopted a liberal approach in favor of allowing intervention when evaluating whether the movant has an interest that may be impaired.[10] The court must measure the movant's claimed interest "in terms of its relationship to the property or transaction that is the subject of the action, not in terms of the particular issue before the district court."[11] The "impairment" element imposes a minimal burden.[12] "The central concern in deciding whether intervention is proper is the practical effect of the litigation on the applicant for intervention."[13]

---

[9] *Okla. v. Tyson Foods, Inc.*, 619 F.3d 1223,1232 (10th Cir. 2010).

[10] *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010).

[11] *Id.*

[12] *Id.* at 1199.

[13] *San Juan Cnty., Utah v. United States*, 503 F.3d 1163, 1192 (10th Cir. 2007).

"Although the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may be based on an interest that is contingent upon the outcome of litigation."[14]

Mr. DeFoor argues that if Mr. Evans were to obtain a judgment against Cool Creek Solutions, whether by default or otherwise, Mr. Evans would be entitled to execute upon the LLC's assets in order to collect the judgment, including Mr. DeFoor's proportionate share of those assets. Without allowing Mr. DeFoor to intervene in the claims asserted by Mr. Evans against Cool Creek Solutions, Mr. DeFoor asserts that he is incapable of taking action to defend against Mr. Evans' claims. The court agrees. This district has previously found that would-be intervenors showed the potential of an impaired interest if they would be responsible for paying all or part of the judgment.[15]

Mr. Evans' opposition to Mr. DeFoor's motion is largely premised on the notion that Mr. DeFoor cannot adequately represent the interests of Cool Creek Solutions. To be clear, the court is allowing Mr. DeFoor to intervene in his own capacity as a 50-percent owner of Cool Creek Solutions. This order should not be read to usurp the LLC's operating agreement or any order that might arise from the state court dissolution proceedings. To that end, Mr. Evans' request that the court appoint a receiver or independent third party to represent the interests of Cool Creek Solutions is not a matter properly before the court. The court is not allowing Mr. DeFoor to intervene in order to represent Cool Creek Solutions. Rather, Mr. DeFoor is allowed to intervene because he personally has an interest that could be impaired if he were not allowed to participate in the third-party claims asserted by Mr. Evans.

### C. Lack of Adequate Representation

---

[14] *Id.* at 1203 (quoting *Natural Res. Def. Council, Inc. v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1344 (10th Cir. 1978)).

[15] *See Design Basics, LLC v. Estates of Aus*, No. 12-2437, 2014 WL 65754, at *3 (D. Kan. Jan. 8, 2014).

The third element—lack of adequate representation—places a minimal burden on the movant to show the possibility that no party will adequately represent its interests.[16] This is currently the case for Mr. DeFoor. At the present time, Cool Creek Solutions has not entered an appearance in this case and is not defending against Mr. Evans' claims against it. Although Mr. DeFoor already proceeds in this case as a derivative plaintiff, he is proceeding for the benefit of the LLC. But his financial interest as a 50-percent owner of the LLC is separate and distinct from his current status in the case.

### D. Conclusion

The court notes that Mr. Evans has raised arguments in opposition to Mr. DeFoor's motion to intervene that are not related to the legal standard for intervention—namely, that Mr. DeFoor's derivative complaint contains pleading deficiencies, as well as several other alleged deficiencies. Respectfully, the sufficiency of Mr. DeFoor's complaint is not a matter the court considers when deciding whether Mr. DeFoor has a right to intervene in third-party claims asserted by Mr. Evans against Cool Creek Solutions. Mr. Evans' response brief fails to reference or address each of the elements of intervention as a matter of right. Because the circumstances for which Mr. DeFoor seeks to intervene easily meet the three elements necessary for intervention as a matter of right, the court grants his motion and directs him to file a pleading responsive to Mr. Evans' third-party claims within fourteen (14) calendar days from the date of this order.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff William DeFoor's Motion to Intervene in Third-Party Complaint (ECF No. 8) is granted. Within fourteen (14) calendar days from the

---

[16] *WildEarth Guardians*, 573 F.3d at 1200.

date of this order, Mr. DeFoor, in his capacity as 50-percent owner of Cool Creek Solutions, LLC, shall file a responsive pleading to Mr. Evans' third-party claims.

**IT IS FURTHER ORDERED** that David L. Evans' Motion for Leave to File Sur-Reply and Request for Oral Argument (ECF No. 15) is granted in part and denied in part. The court has considered Mr. Evans' proposed surreply in crafting this order. The court does not find that oral argument would materially aid in the resolution of this matter, and so Mr. Evans' request for oral argument is denied.

**IT IS SO ORDERED.**

Dated this 28th day of April, 2015, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge